**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MATTHEW ALEXANDER KING,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No. 21-cv-1700-NJR** |
| **KATHY HILL, S. WALLACE, DAN SPROUL, J. LECLAIR, C. DAVIS, AMBER NELSON, BARBARA VON BLANCKENSEE, and FEDERAL BUREAU OF PRISONS,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Matthew Alexander King, an inmate of the Federal Bureau of Prisons ("BOP") who is currently incarcerated at United States Penitentiary – Marion, Illinois ("USP – Marion"), originally filed this action in the Circuit Court of the First Judicial Circuit, Williamson County, Illinois (Doc. 1, p. 1). He seeks damages and injunctive relief for the denial of hygiene items. He alleges violations under the Eighth Amendment, invoking *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). He also raises claims under Illinois law for civil conspiracy, negligence, and intentional inflection of emotional distress. King originally filed this case in state court, but Defendants removed the case based on the Westfall Act, 28 U.S.C. § 2679(b)(1), and 28 U.S.C. § 1442 (a)(1).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen

prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

**The Complaint**

In his Complaint, King makes the following allegations: King is currently being held in USP – Marion's Communications Management Unit ("CMU") (Doc. 1-1, p. 5). He was placed in the CMU in August 2021 and, since that time, he has not received any hygiene items to include: toothpaste, toothbrush, soap, razors, shower shoes, deodorant, lotion, floss, combs, brushes, or shaving cream. He asked Hill and Wallace on numerous occasions for supplies, but he still has not been provided with proper hygiene items. He also states that Sproul, Leclair, and Davis have also refused to provide him with hygiene items (*Id*. at p. 6). According to the BOP grooming program, King alleges that inmates are supposed to be provided with these hygiene items regardless of their financial status, but Defendants, including Barbara Blanckensee and Nelson, have refused to provide King with any hygiene items because King is not considered "indigent" (*Id*.). The Defendants have also approved a policy of allowing staff to deny inmates access to hygiene items.

**Discussion**

In his Complaint, King has designated the following counts:

**Count 1:** **Eighth Amendment cruel and unusual punishment claim for monetary damages against Hill, Sproul, Wallace, Leclair, Davis, Blanckensee, and Nelson for refusing to provide King with hygiene items.**

**Count 2:** **Eighth Amendment cruel and unusual punishment claim for injunctive relief against Hill, Sproul, Wallace, Leclair, Davis, Blanckensee, and Nelson (in their official capacities) for refusing to provide King with hygiene items.**

**Count 3:** **Illinois state law conspiracy claim against Hill, Sproul, Wallace, Leclair, Davis, Blanckensee, and Nelson for refusing to provide King with hygiene items.**

**Count 4:** **Illinois state law negligence claim against Hill, Sproul, Wallace, Leclair, Davis, Blanckensee, and Nelson for refusing to provide King with hygiene items.**

**Count 5:** **Illinois state law intentional infliction of emotional distress claim against Hill, Sproul, Wallace, Leclair, Davis, Blanckensee, and Nelson for refusing to provide King with hygiene items.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1] This includes his claim against the Federal Bureau of Prisons because it is not an *individual* federal agent, and *Bivens* only offers a damages remedy for certain constitutional violations against *individual* officers. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001). This damages remedy does not extend to the employer of individual federal agents. *Id*. at 71-72 & n.2; *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension

[1] *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself.").

**Notice of Removal**

In the Notice of Removal, Defendants argue that the claims in King's Complaint are removable either under 28 U.S.C. § 1442(a)(1) or 28 U.S.C. § 2679. (Doc. 1 at 1). King has not objected to the removal. Defendants argue that during the timeframe in question, Defendants were all employees of the BOP. (Doc. 1 at 2-3). Defendants included a certification that the named parties were acting within the scope of their employment. (Doc. 1-2 at 2-3). Further, to the extent the Court construes the case as one alleging constitutional claims, Defendants argue that such a claim can be removed pursuant to 28 U.S.C. §§ 1331 and 1442(a)(1). (Doc. 1 at 4-5).

**Analysis**

**A. *Bivens* Claims (Counts 1 and 2)**

Counts 1 and 2 are constitutional claims brought pursuant to *Bivens*. The Supreme Court has acknowledged that victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right. *Bivens*, 403 U.S. 388 (1971). This implied damages remedy has been recognized in only three contexts. *See Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment denial of medical care); *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment gender discrimination); *Bivens*, 403 U.S. 388 (Fourth Amendment unlawful search and seizure). The Supreme Court has more recently cautioned courts against

expanding this remedy into new contexts absent special circumstances. *Ziglar v. Abbasi*, 137 S.Ct. 1843 (2017).

Both Counts involve an Eighth Amendment claim for unconstitutional conditions of confinement arising out of the denial of hygiene items for King. The Eighth Amendment prohibits inhumane living conditions that include the denial of medical care and amount to cruel and unusual punishment of convicted persons. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (Eighth Amendment imposes duty on prison officials to provide humane conditions of confinement that include adequate food, clothing, shelter, and medical care). At this stage, the Court finds that King states a claim for denial of his hygiene items. As to whether King may proceed with an Eighth Amendment conditions of confinement claim after *Abbasi*, the Court is hesitant to dismiss King's Complaint without the benefit of further briefing. *See Smadi v. True*, 783 F. App'x 633, 634 (7th Cir. 2019) (remanded matter for briefing in light of *Abbasi*). Thus, the Court will allow the matter to proceed, but Defendants may file a dispositive motion on the issue of whether King may pursue such a claim for injunctive relief or damages after *Abbasi*. Accordingly, the Court will allow Counts 1 and 2 to proceed.

**B. FTCA Claims (Counts 3, 4, and 5)**

As to the removal of King's state law claims for conspiracy (Count 3), negligence (Count 4), and intentional infliction of emotional distress (Count 5), the Court finds that such removal is proper. *Osborn v. Haley*, 549 U.S. 225, 230-32 (2007). The Westfall Act grants federal employees' absolute immunity from tort claims arising out of acts undertaken in the course and scope of a federal employee's employment. *See id.*, 549 U.S.

at 230 (citing 28 U.S.C. § 2679(b)(1)). It amended the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-80, to require substitution of the United States as a defendant in a tort suit brought against a government employee. *Id.* at 230. It empowers the Attorney General to certify that a federal employee sued for wrongful or negligent conduct "was acting within the scope of his office or employment at the time of the incident out of which the claim arose," and renders the Attorney General's certification "conclusiv[e]…for purposes of removal." *Id.* (citing 28 U.S.C. §§ 2679(b)(1), (d)(1), (2)). Upon such certification, the United States is substituted as defendant in place of the federal employee, and the employee is dismissed. *Id.* (citing § 2679(d)(2)). The action is then governed by the FTCA.

Here, there are three claims that rely on state law—a claim for conspiracy, a claim for negligence, and a claim for intentional infliction of emotional distress. The United States will be substituted in place of the named Defendants in Counts 3-5 because the Chief of the Civil Division of the local United States Attorney's Office has certified that Defendants were acting as employees of the United States during the conduct complained of in this case (Doc. 1-2). The Clerk of Court is **DIRECTED** to **ADD** the United States as a defendant in this action, and the United States will be the sole defendant for Counts 3-5. But King fails to state claims against the United States for his state law claims because he merely offers conclusory statements that Defendants engaged in a conspiracy (Count 3), breached their duty of care (Count 4), and intentionally inflicted emotional distress and anxiety on King (Count 5). Without something more, however, King fails to state claims under the FTCA.

**Disposition**

For the reasons stated above, Counts 1 and 2 shall proceed against Kathy Hill, S. Wallace, Dan Sproul, J. Leclair, C. Davis, Amber Nelson, and Barbara Von Blanckensee. Counts 3-5 as well as the United States and the Federal Bureau of Prisons are **DISMISSED without prejudice**.

The Clerk of Court is **DIRECTED** to complete, on King's behalf, a summons and form USM-285 for service of process on Defendants Kathy Hill, S. Wallace, Dan Sproul, J. Leclair, C. Davis, Amber Nelson, and Barbara Von Blanckensee; the Clerk shall issue the completed summons. The United States Marshals **SHALL** serve Defendants pursuant to Federal Rule of Civil Procedure 4(e). All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the Complaint (Doc. 1-1), and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the Complaint, and this Memorandum and Order.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against King, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, King is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 16, 2022**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**