**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MATTHEW ALEXANDER KING, | |
| **Plaintiff,** | |
| v. | **Case No. 21-cv-1700-NJR** |
| KATHY HILL, S. WALLACE, DAN SPROUL, J. LECLAIR, C. DAVIS, AMBER NELSON, and BARBARA VON BLANCKENSEE, | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Matthew Alexander King, an inmate of the Federal Bureau of Prisons ("BOP") who at the time he filed his suit was incarcerated at United States Penitentiary – Marion, Illinois, originally filed this action in the Circuit Court of the First Judicial Circuit, Williamson County, Illinois (Doc. 1, p. 1). The case was removed to this Court, and King was ultimately allowed to proceed on the following two counts:

> Count 1:    Eighth Amendment cruel and unusual punishment claim for monetary damages against Hill, Sproul, Wallace, Leclair, Davis, Blanckensee, and Nelson for refusing to provide King with hygiene items.

> Count 2:    Eighth Amendment cruel and unusual punishment claim for injunctive relief against Hill, Sproul, Wallace, Leclair, Davis, Blanckensee, and Nelson (in their official capacities) for refusing to provide King with hygiene items.

(Doc. 12).

On December 2, 2022, Defendants filed a motion for summary judgment (Doc. 23) arguing that King failed to exhaust his administrative remedies prior to filing suit. King was provided notice of the motion (Doc. 24). He failed to file a response. On January 3, 2023, Defendants filed a motion to dismiss for failure to prosecute (Doc. 26). Defendants indicated that they recently learned King had been released to Florida state officials on September 21, 2022 (*Id*. at p. 2). He failed to update his address with the Court. On January 4, 2023, the Court entered an Order directing King to update his address with the Court or face dismissal of his claims for failure to prosecute (Doc. 27). He was given a deadline to provide his updated address to the Court by January 18, 2023. As of this date, King has failed to comply with the Court's notice.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In dismissing a case for lack of prosecution, the Seventh Circuit has indicated that a district court commits legal error "when it dismisses a suit 'immediately after the first problem, without exploring other options or saying why they would not be fruitful.'" *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013) (quoting *Johnson v. Chi. Bd. of Educ.*, 718 F.3d 731, 732-33 (7th Cir. 2013)). The Seventh Circuit has suggested that in addition to a warning to the plaintiff, the court must consider essential factors such as "the frequency and egregiousness of the plaintiff's failure to comply with other deadlines, the effect of the delay on the court's calendar, and the prejudice resulting to the defendants." *Id*. (citing *Kruger v. Apfel*, 214 F.3d 784, 786-87 (7th Cir. 2000)).

Simply put, King has failed to prosecute his claims. He was previously advised that he was under a continuing obligation to keep the Court informed of any change in his address (Doc. 12, p. 8). He was further warned that the failure to comply with the Order could result in the dismissal of his claims. King was released from federal custody on September 21, 2022, and he has failed to update his address with the Court. Defendants do not have his current address; the only information that Defendants could obtain about King's current whereabouts was that he was released to Florida state officials and is being held somewhere on state charges (Doc. 26, p. 2). It is King's obligation to inform the Court of his current whereabouts, and he has failed to do so. Thus, it appears that he no longer wishes to pursue his claims because he has not contacted the Court since his release to state authorities.

Accordingly, this entire action is **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is **DIRECTED** to close the case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   January 31, 2023**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**